


'15/9/28
Original
RECEIVED
UNION CORRECTIONAL INSTITUTION
SEP 30 2015
BY_____ FOR MAILING

FILED
OCT -6 PM 1:50
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILL DIVISION

## CIVIL RIGHTS COMPLAINT FORM

WALI SALEEM, 037727,
    Plaintiff,

v.
    CASE NO: 3:15-cv-1195-J-32 PDB

**JURY TRIAL DEMANDED**

CORIZON HEALTH INC., et. al,


Wali Saleem, DC# 037727
Union Correctional Institution
7819 N.W. 228th Street
Raiford, Florida 32026

In *Propria Persona.*

1

I. Place of resident confinement:

Union Correctional Institution, Raiford, Florida.

II. Exhaustion of Administrative Remedies:

1. Informal Grievance (on Form DC3-005) to Doctor Paul Scheider was filed. Doctor Scheider broke the grievance protocol by not responding within 10 calendar days following receipt of the Informal Grievance. It should be noted that Inmates are not required to utilize Informal Grievances in case of Medical Grievance. See 33-103.005 Informal Grievance.

2. Plaintiff filed Formal Grievance on Form DCI-303 to the Office of the Warden on June 12, 2015. See Exhibit A in Appendix. On July 15, 2015 a Formal response was rendered. See Exhibit B.

3. In as much as the formal resolution procedures were not satisfactory resolution, Plaintiff then filed appeal to the Office of the Secretary on Form DCI-303 on July 27, 2015. See, Exhibit C.

4. Secretary's response on Appeal. See Exhibit D.

NOTE: To properly exhaust remedies a prisoner in Florida must "complete the Administrative rules "....RULES THAT ARE DEFINED NOT BY THE PLAR, BUT BY THE PRISON GRIEVANCE PROCESS ITSELF:"

III. PREVIOUS LAWSUITS:   None.

   A. No.

   B. No.

   C. N/A.

     1 through 8 are not applicable.

   D. N/A.

SPECIAL NOTE:

The Plaintiff is at a distinct disadvantage in trying to discover the identity of those who were directly responsible for the delay in his treatment. He has provided the required information available so the United States Marshal to complete service of the complaint upon all known persons named as Defendant.

IV. PARTIES:

    A. Name of Plaintiff:    Wali Saleem, DC# 037727

    Mailing address:    Union Correctional Institution
    7819 N.W. 228th Street
    Raiford, Florida 32026-4000

DEFENDANTS:

    Name:    Corizon Health Inc.

    Mailing address:    12647 Olive Blvd.
    St. Louis, Missouri 63141

WOODROW A. MYERS, JR.

CHIEF OPERATING OFFICER, of Corizon Health Inc.
103 Powell Ct.
Brentwood, Tn. 37027

STUART K. CAMPBELL,
PRESIDENT AND COO
Corizon Regional Office (Region II)

Mailing address:    2627 N.W. 43rd Street (Suite 202—Second Floor)
City:    Gainesville,    State: Florida    Zip: 32606

RHONDA ALMANZA,
VICE-PRESIDENT OF OPERATIONS (Region II)
Corizon Regional Office
Mailing address: 2627 N.W. 43rd Street (Suite 202—Second Floor)
City:    Gainesville,    State: Florida    Zip: 32606

HELEN SNEED,
DIRECTOR OF OPERATIONS (Region II)
Corizon Regional Office
Mailing address: 2627 N.W. 43rd Street (Suite 202—Second Floor)
City:           Gainesville,   State: Florida   Zip: 32606

TERESA WOODAL,
INFECTION CONTROL COORDINATOR (Region II)
Corizon Regional Office

Mailing address: 2627 N.W. 43rd Street (Suite 202—Second Floor)
City:           Gainesville,   State: Florida   Zip: 32606

Each and every Defendant aforementioned is sued in his or her individual and official capacities. They are responsible for insuring that prison inmates receive adequate medical care. If individual disclaims knowledge, he or she can identify those responsible in Region II.

## CORIZON'S POLICY SHOULD BE VIEWED THROUGH A HISTORICAL PRISM

In August, 2013, the Florida Department of Corrections awarded a lucrative 1.2 billion dollars, five-year contract to Corizon Health Inc., a Prison Healthcare Provider. This action placed the responsibility of prisoners medical care squarely and exclusively into the hands of Corizon for 41 facilities in Northern and Central Florida. It should be mentioned that Corizon Health Inc., was formerly known as Prison Health Services, Inc., The Gainesville Regional Office is particularly responsible for the provision of comprehensive health services in Region II, where the Union Correctional Institution is located.

The Internet provides many avenues for researching the background of Corizon should the Court wish to avail itself of this fortuitous information

highway. For instance, the very influential Palm Beach Post Newspaper Investigative Reporter, Pat Beall, won the 2014 Hillman Foundation Award. Her eight-month multipart series, "Private Prisons: Profits, Politics and Pain," linked striking similarities in human rights abuses to corporate cost-cutting. These articles provide an important historical context, which offers very well researched, very insightful antidotes of patients suffering from debilitating diseases such as cancer and hepatitis C are often treated with Tylenol or Aspirin. These vignettes of tragic and horrifying negligence are oft-repeated template. It's not exactly a stretch to realize this "Health Care" Conglomerate strives to minimize costs while increasing its revenue at the expense of patients.

SUPERVISORY LIABILITY IN GENERAL:

The Supervisory Officials who promulgate and implementing polices that are enforced by subordinates are liable if the enforcement of the policy causes a violations of federally protected rights.

Corizon has been sued over 660 time for malpractice in the last five years alone. A Miami-Herald Investigation found that, "Nearly half of those cases remain open. Of those that are closed, 91 – one in four – ended with confidential settlements that Corizon declined to discuss."

Many of the Lawsuits arose out of striking similarities in facts and a failure to act on information indicating that the unconstitutional acts were occurring makes Defendant Woodrow A. Myers and Defendant Stuart K. Campbell liable for their subordinates enforcement of company policy.

Further, the subordinates were acting (or failing to act) based on Corizon's polices. Supervisory Officials were personally responsible for creating the policies, practices and customs. Furthermore, they managed the day-to-day operation of the unsavory business.

The Florida Legislature recognizes that Medical Science stresses early diagnosis and treatment are critical factors in successfully treating these life-threatening diseases. Aspirins and / or Tylenol only treat the symptoms, not the underlying disease causing the physiological complications.

It should be noted that it is a fact Corizon Health Inc. was fined by the Florida Department of Corrections in May of 2014 for failing a series of performance audits conducted over the year. The fine is a slap on the wrist for Corizon compared to the millions and millions of dollars Corizon saved by these deficiencies.

## V. STATEMENT OF CLAIM.

Plaintiff was informed in June, 2014 by (then) treating physician, Doctor Linda Melendez Torres (hereinafter referred to as Doctor Melendez), that he suffered from Hepatitis C, a very serious liver disease and ailment that was advancing. It was physician's assessment that there was an exponential increase in the odds against patient should there be undue delay in drug treatment.

In December of 2014, Doctor Melendez, in accordance with Corizon's protocol, implemented written application in which she recommended Wali Saleem be treated with the drug "Harvoni."

The physician assured Plaintiff "Harvoni" was a new drug for treating Hepatitis C infections in adults, which had a high potency against said disease, and consequently very expensive.'

Doctor Melendez further explained this new generation of 'breakthrough' drug treatment, viz, the Hepatitis C standard of care, which will cure Plaintiff's infection in three months from its inception.

This new drug "Harvoni," a formulary drug by Gilead Sciences approved by the FDA in October, 2014, combines Sovaldi and Ledipasvir.

Harvoni achieved cure rates of 96 to 99% in trials and shortened treatment sometimes to as little as eight weeks, but it usually takes twelve weeks of treatment to cure the disease.

The Federal Bureau of Prisons (BOP), Centers for Disease Control, FDA, U.S. Public Health Service and Veterans Administration have recognized this change. In May of 2014, a BOP Clinical Practice Guidelines Report, entitled "Interim Guidance for the Management of Chronic Hepatitis C Infection," noted that the use of Sofosbuvir (Sovaldi) and Simepaevir in combination with Peqinterferon and / or Ribavirin is the "preferred treatment reqimen".

Because the new HCV drugs are being denied due to non-medical reasons (e.i., 'COST') despite being the current standard of care constitutes deliberate indifference in violation of the Eighth and Fourteenth Amendments.

As indicated, medical personnel acting within the scope of their employment with Corizon, informed Wali Saleem that it was "undisputed that he ha Hepatitis C – a very serious liver disease and ailment was advancing.

Physician Linda Maris Melendez-Torres put Corizon Health on direct notice that timely course of drug treatment for Wali Saleem's Hepatitis C was necessary and Corizon Health bears the responsibility for implementing said drug treatment in a timely fashion. Doctor Melendez-Torres recommended the drug "Harvoni" (Sovaldi), a new drug for treating Hepatitits C Virus infection in adults. Corizon's Medical personnel instituted protocol for treatment of Hepatitis C that encompasses non-treatment modalities that included treatments as A.T.P. Alternative Treatment Plan, that actually parceled Aspirins and Water Pills in lieu of much more expensive drugs Alpha-Interferon and an Antiviral drug called Ribavirin.

It is contrary to the spirit and provisions of Corizon's contract to treat chronic disease with Aspirins and / or Water Pills. The proviso about chronic

diseases can be found on page 8 of contract, second paragraph. The relevant section provides:

> "Intervention for inmates with chronic disease must meet Generally recognized standard of care."

The Plaintiff has done some sleuthing. The generally recognized standard of care for patients with Hepatitis C is treatment with a custom tailored combination of a drug called Alpha Interferon and an Antiviral drug called Ribavirin. The <u>A</u>lternative <u>T</u>reatment <u>P</u>lan which involves Aspirins and Water Pills are dangerously substandard treatment and departs in so stark a manner from "recognized standard of care" <u>mandated</u> by contract that it constitutes deliberate indifference.

Additionally, the delay of proper treatment for such obviously serious condition, where it is apparent that delay would detrimentally exacerbate the medical problem, is medically unjustified and repugnant to the Eighth Amendment to the United States Constitution. Furthermore, inadequate medical care also violates Article I, Section 17 of the Florida Constitution. This provision forbade "cruel or unusual punishment." The foregoing statement is intended as an informational statement, not arguments.

The Defendants failed to provide that level of diagnostic care that their own doctors believed necessary. Despite Plaintiff's requests, Corizon ha not afforded treatment during extended time frame through September 28th, 2015. Medical personnel employed by Corizon matter-of-factly admit the underlying reasoning to delay Plaintiff's treatment with Life-saving pharmaceuticals is the cost factors.

As previously stated, Corizon has devised a substandard treatment program which is so cursory as to amount to no treatment at all. The parody of putting chronic disease patients on Aspirins or Water Pills demonstrates a certain amoral ruthlessness. Time is critical where patient is affected with Hepatitis C. Corizon's

policy of delay places the patient at great risk, arises a multitude of effects, none good.

These various symptoms are a precursor to further degeneration of internal organs, opportunistic infections such as cirrhosis and / or end stage liver cancer. Plaintiff's condition has become worse and now "potentially" life-threatening. Corizon's failure to treat in a timely fashion, *inter alia*, ultimately led to needless and extreme abdomen pain, emotional distress, fatigue and overall decreased life-style.

SYMPTOMS OF HEPATITIS C:

Symptoms of disease are usually fatigue, poor appetite, and nausea with vomiting. Pain in the abdomen above the liver and fever. Jaundice (a yellowish discoloration of the skin) appears. Dark urine indicate the liver is not working properly in removing a reddish yellow pigment called 'bilirubin' from the blood.

GENERALLY RECOGNIZED STANDARD OF CARE:

Hepatitis C is usually treated with a combination of a drug called Alpha Interferon and an antiviral drug called Ribavirin. According toe Doctor Quinone, there is no recognized Alternative Treatment Plan for Hepatitis C... only antiviral drug treatments as specified above.

IN REGARD TO PLAINTIFF'S PRESENT SYMPTOMS:

1. A severe loss of weight. In June of 2014 prisoner weighed 220 pounds and stood five foot eleven inches in height. As of August 18, 2015 Saleem's weight has plummet to only 170 lbs, which represents a loss of 55 lbs.
2. Prisoner suffers from severe pain in abdomen daily.

3. Severe fatigue daily basis.

4. Apprehensive about and fearfully anticipates future.

5. Can't sleep much at night.

As a result of this already unreasonable delay, Plaintiff's health underwent considerable erosion. Harm may be already truly irreparable in the sense that it is beyond remediation.

On August 18, 2015 Plaintiff was interviewed by Medical-Service Contractor Physician, Doctor Lester Quinone, the Fourth Clinician in Fifteen Months.

Doctor confirmed Doctor Melendez and put Corizon Health Inc., on direct notice that timely course of treatment for Inmate Saleem's Hepatitis C was necessary. Physician had a list of names at his immediate disposal and was kind enough to show Saleem that his name was on the list. Simply stated, Corizon's protocol places Plaintiff on a list which has in excess of two hundred other Hepatitis patients affected by the viruses.

*Ergo Sum*, Corizon's policy mandates an indeterminate waiting period. Petitioner could face too lengthy time period before he would be able to start treatment, thus endangering his life.

Doctor Quinone let the proverbial 'Cat out of the Bag' when the physician candidly and commendably conceded "that Corizon seems to be treating severely sick patients and many inmates have died before they received the necessary treatment because it is too late for the medication to have any healing effect."

Doctor acknowledged Saleem's condition had gotten worse and now is becoming "potentially" life threatening. The interview was concluded with physician promising to renew prescriptions for Aspirin and Water Pill, failing to provide proper medication to inmates for Hepatitis C and cancer until they're

nearly dead is one way of cutting cost apparently.

VI. STATEMENT OF FACTS:

The pertinent facts - - - either undisputed or, where disputed, taken most favorably to the Plaintiff - - - are as follows:

The Plaintiff, prisoner Wali Saleem, is an inmate in the custody of the Florida Department of Corrections and is currently incarcerated at the Union Correctional Institution located in Raiford, Florida by virtue of a criminal conviction not relevant for the purposes of this Civil Rights Action.

In 2014, Inmate began experiencing symptoms of fever, aching body and sweating profusely. Doctor Linda Melendez, the treating physician noticed a decline in prisoner's health, and prescribed blood tests.

In June, 2014 Doctor Melendez informed Plaintiff that he tested positive for Hepatitis C, a very serious, degenerative liver disease which requires immediate treatment. At this time prisoner's liver enzymes were 141.

Lab test performed in July, 2014, showed a further increase in liver enzymes to 189. Subsequently, in August, 2014, prisoner was given an ultra sound and subjected to a Third blood test. Doctor Melendez summed up her diagnosis, by reassuring Saleem that his ultra sound looked alright and liver disease was treatable. During this conference Doctor Melendez recommended a new drug "Harvoni" (Sovaldi). She indicated this was a twelve (12) week program in which the patient would be given one pill a week, indicating this medicine ha a success rate of approximately 95% to 99%.

On November 18, 2014, Doctor Melendez, apprising Saleem his liver enzyme count ha dramatically increased to over 200. Additionally, physician informed Saleem that by this time there was severe damage but his liver was still

treatable. On November 24th, 2014, a technician secured three more vials of blood.

On December 18, 2014, Doctor Melendez made out forms necessary for treatment of Hepatitis C in accordance with agency's policy. Physician assured Saleem that application and al of the blood tests results would be forwarded to Corizon for approval.

On May 5th, 2015, Plaintiff was summoned to T-Building. This Unit is being used as a temporary medical center by Corizon.

Mrs. S. Johnson, a Medical File Clerk, specifically required Wali Saeem to sign a compliance form acknowledging that he should go through grievance process regarding his complaint with Corizon. This only after numerous phone calls from Saleem's sister, Sandra Lindsey.

As of September 28th, 2015 Corizon Health Inc. has absolutely failed to provide prescribed medication for condition recognized by specialists as a life-threatening inflammation of liver. Studies show that Hepatitis C is a public health concern because this liver-wasting disease surpassed AIDS as a cause of death during 2007, [in the U.S.] claiming an estimated 15,000 lives in that year alone.

The excessive delay in receiving drug therapy after the early diagnosis of Hepatitis C is "Deliberate Indifference" to his serious medical needs, possibly shortening his life expectance. In failing to act Corizon has allowed the ongoing replication of Hepatitis C, possible Cirrhosis of the liver and / or end-stage liver caner are now a real possibility.

RELIEF BEING SOUGHT:

1). To ensure the best outcome for Plaintiff's health this Honorable Court should issue an order directing Defendant, Corizon Health Inc., and its agents to:

A. Immediately arrange for Plaintiff's need for Hepatitis C Antiviral drug to

be evaluated by a Hematologist. It may be possible all secondary symptoms underlying to Hepatitis C may reverse and desist with life preserving drug therapy prayed for.

AWARD COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNTS:

One million dollars from Defendant Corizon Health Inc., (formally known as Prisoner Health Service, Inc.) for inexcusable delay in drug therapy recommended by physician to treat Hepatitis C, which is recognized as degenerative, painful, and potentially life-threatening disease if the need is unmet. Reimbursement of miscellaneous expenses incurred while prosecuting 1983 Civil Rights Action.

On hundred thousand dollars from Defendants Woodrow A. Myers, Stuart K. Campbell, Rhonda Almanza, Helen Sneed, Teresa Woodall, Dr. Timothy Whalen, Ruth Fettner, each and every defendant is sued in his or her individual and official capacities.

AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNTS:

Three million dollars against Defendant Corizon Health Inc., for increasing its revenue by withholding critical antiviral drug treatment from Plaintiff Saleem which was not only medically unjustified but also detrimentally exacerbated prisoner's condition.

To assess the propriety of the punitive damages prayed for, the Plaintiff contends this swollen conglomerate dilatory tactics increased its revenue at the expense of unnecessary and wanton infliction of pain and emotional distress. A jury could reasonably find Corizon's profits comes at the expense of certain sick disfavored minorities.

Further, the Plaintiff seeks three hundred thousand dollars in punitive

damages from Defendant's Woodrow A. Myers, Stuart K. Campbell, Rhonda Almanza, Helen Sneed, Teresa Woodall, Dr. Timothy Walen, and Ruth Fettner, each and every defendant is sued in his or her individual and official capacities.

The employee / defendants of Corizon situated at Corizon Regional Office (Region II) at Gainesville, Florida must have full knowledge of what is going on.

The "prevailing party" is entitled to attorney fees for cost of District Court litigation under Civil Rights Attorney's Fee Award Act.

The Court grant such other relief as it may appear that the Plaintiff is entitled to correct a current and ongoing violation of prisoner's federally protected right under the Eighth Amendment.

The prisoner / Plaintiff is not open to the possibility of ending case through disposition. Should Wali Saleem become incapacitated during the pendency of this suit, Gail Alexander, Plaintiff's biological sister has his Power of Attorney where there appears a "hindrance" to brother's ability to protect his own interest.

Should Plaintiff die pending trial, the Estate belongs to sisters, Sandra Lindsey and Gail Alexander.

Respectfully submitted,

*Wali Saleem*
Wali Saleem, DC#037727
Union Correctional Institution
7819 N.W. 228th Street
Raiford, Florida 32026-4000

STATE OF FLORIDA )
)
COUNTY OF UNION )

BEFORE ME, the undersigned authority, this day appeared Wali Saleem, prison I.D. Number 037727, who presented Prison Photo Identification Card. The Affiant, who first being sworn, says that he has read the foregoing 1983 Civil Rights Complaint. Further, the Affiant has personal knowledge of the facts and matters therein set forth and confirms that each and al of the facts and matters are true and correct.

Respectfully submitted,

*Wali Saleem*

Wali Saleem, DC#037727
Union Correctional Institution
7819 N.W. 228th Street
Raiford, Florida 32026-4000

SWORN AND SUBSCRIBED BEFORE ME this 30 day of September, 2015.

_____
NOTARY PUBLIC

My Commission Expires: _____

SHEILA S. THORNTON
MY COMMISSION # EE 139220
EXPIRES: October 18, 2015
Bonded Thru Budget Notary Services

## CERTIFICATE OF SERVICE

I CERTIFY that under penalty of perjury that this Complaint and Six necessary copies for defendants were hand delivered to prison official authorized to accept outgoing Lega Mail on this _30_ day of _Sept._, 2015

_/s/ Wali Saleem_
Wali Saleem, DC#037727
Union Correctional Institution
7819 N.W. 228th Street
Raiford, Florida 32026-4000